CITY OF CHICAGO

*v.*

HARRIET ALLCOCK.

INTEREST. In an action to recover for damages to real estate, it is error to instruct the jury to allow interest on the amount of damages they may award, to be computed from the time the damages were sustained.

WRIT OF ERROR to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. RICHARD S. TUTHILL, for the plaintiff in error.

Mr. A. B. JENKS and Mr. A. S. TRUDE, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

In 1873 the city of Chicago constructed a tunnel from Lake Michigan to near the corner of Twenty-second street and Ashland avenue, a distance of about six miles. The tunnel ran under and through the property of the plaintiff, and was, as appears from the evidence, nine feet high, nine feet wide, and below the surface of the ground about sixty feet. The construction of the tunnel caused a depression on the surface of the plaintiff's lots of from four to five feet, at its center, extending in every direction thirty or forty feet. The fences and buildings on the property, in consequence of the sinking of the earth, were seriously damaged,

and this action was brought to recover the damages sustained. On a trial of the cause before a jury the plaintiff recovered a verdict and judgment for $2,170; to reverse which the city of Chicago has prosecuted this writ of error.

Two grounds are relied upon to reverse the judgment:

1. The damages are excessive.

2. The court erred in instructing the jury that they should allow interest on the amount of damages awarded, to be computed from the time the damages were sustained.

We do not deem it necessary to consider the question raised in regard to the amount of damages, as the judgment will have to be reversed in consequence of the error in the instruction in regard to interest. Interest can not be recovered in this State, in any case, except where the statute authorizes it. At common law it could be recovered in no case except where there was an express agreement to pay. Interest may, then, be regarded as depending upon, and as the creature of, the statute. *Madison County* v. *Bartlett*, 1 Scam. 67; *City of Pekin* v. *Reynolds*, 31 id. 529; *Illinois Central R. R. Co.* v. *Cobb, Blaisdell & Co.* 72 id. 148.

Section 2 of chapter 74 of Revised Laws of 1874, page 614, which is the statute in this State that provides for interest, declares: " Creditors shall be allowed to receive at the rate of six per cent per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account, from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another, and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment." This section of the statute, it is apparent, contains no provision under which interest could be recovered in an action of trespass to real property.

The cases of *Bradley* v. *Geiselman*, 22 Ill. 494, and *Chicago and Northwestern Railway Company* v. *Schultz*,

25 — 86TH ILL.

55 id. 421, cited and relied upon by the plaintiff, do not apply here. In the first case cited, personal property had been taken wrongfully, and converted into money, while this is an action to recover damages to real estate. The other case was trespass to personal property, and the recovery of interest was there sustained on the authority of the Bradley case. Where one person unlawfully takes the property of another and converts it into money, it is but reasonable, as he has the use of the money, that he should be required to pay interest upon the same. In such a case the money may be regarded as " withheld by an unreasonable and vexatious delay of payment."

This case is, however, entirely different from either of the cases cited. The city had the undoubted right to make the improvement, and in the exercise of that right it had the power to construct the tunnel through the lands of the plaintiff. If in making the improvement the property of plaintiff was damaged, the city would be bound to respond in damages; but the damages sustained could not be regarded a debt due from the city until the same was ascertained by a jury, nor could the city be regarded as withholding money by an unreasonable and vexatious delay of payment.

The plaintiff occupied merely this position : her property had been damaged by the city in the exercise of a lawful right ; those damages were unknown and unliquidated ; and the amount of the damages, whatever they were, could form no basis upon which interest could be computed, until they had been ascertained by a jury and reduced to a judgment. For the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*