## WILLIAM LUCAS v. DAVID C. WATTLES.

*Negligent destruction by fire—Interest.*

In an action for the negligent destruction of plaintiff's buildings by fires lighted by defendant or not properly cared for by him, the plaintiff can give evidence of the presence of combustible material upon defendant's premises even though the fact is not counted on in the declaration.

In suing for damages from negligence plaintiff must count on the negligence relied on; but when this is properly averred he need not set out the facts which go to establish it. When defendant is notified with what negligence he is charged, he is thereby informed that the circumstances which tend to show whether he was wanting in due care in that particular will be in issue.

A party cannot on error complain of the exclusion of testimony on the ground that he had called for it for a particular purpose when at the time of its exclusion he had stated a different purpose which would not be likely to suggest to the court the ground afterwards taken.

Interest from the beginning of suit, though not demandable in an action for the negligent destruction of property, may nevertheless be allowed if the recovery has been restricted to the actual value of the property and interest thereon.

Error to Lapeer.    Submitted Oct. 6.    Decided Oct. 31.

TRESPASS.    Defendant brings error.    Affirmed.

*Geer & Williams* for appellant.    In actions for negligence the facts constituting it should be set forth in the declaration: Puterbaugh's Pleading 429; *Ohio & Miss. R. R. v. Shanefelt* 47 Ill. 498; *Marq., Hought. & Ont. R. R. v. Marcott* 41 Mich. 435; and the fact that plaintiff was not negligent: *Chic. Bur. & Quin. R. R. v. Hazzard* 26 Ill. 377; in actions *ex delicto* based on the mere negligence of a party who could gain no pecuniary profit from it, interest is not allowed: *Marshall v. Schricker* 63 Mo. 308; *Atkinson v. A. & P. R. R.* id. 367; *Meyer v. A. & P. R. R.* 64 Mo. 543; *DeSteiger v. H. & St. J. R. R.* 73 Mo. 33.

*Moore & Bentley* for appellee.

•

Cooley, J. This action is brought for the negligent destruction of the plaintiff's buildings by fires lighted by defendant, or not properly cared for by him.

The declaration contains four counts. The first alleges that defendant, on the third day of September, 1881, at North Branch, in the county of Lapeer, lighted a fire on his, the defendant's land, and so negligently kept said fire that it extended from the defendant's land to the adjoining buildings of the plaintiff, to-wit, one dwelling-house, one frame barn and one log barn, and wholly destroyed them with their contents, and also destroyed a large quantity of fence belonging to the plaintiff, in all of the value of $1500. The second count alleges that the fire was lighted by the plaintiff at a time when, by reason of the state of the wind and weather, it was highly dangerous to light a fire, and that through the negligence of the defendant and his servants the fire extended itself from the close of the defendant to the close of the plaintiff, and burnt and destroyed the trees, fences and buildings, etc. The third count alleges that a fire was lighted on the close of the defendant, and that said fire was so negligently managed by said defendant and his servants, that it extended to the plaintiff's buildings, fences, timber, etc., and destroyed them, etc. The fourth count was framed under the statute, and charges that the defendant did negligently permit fire to pass from his own woods and grounds to the destruction of the property of the plaintiff, etc., whereby they were burned and destroyed.

On the trial plaintiff gave evidence that on the fifth day of September, 1881, he was owner and occupant of certain premises in North Branch, and defendant owned and occupied land adjoining on the west. On that day a fire came up from defendant's premises and ran upon his own land to the buildings, and destroyed them with their contents. Plaintiff being on the stand as a witness testified that he traced the fire from defendant's land to his own, but did not trace it to where it originated. The country was then very dry. There was wild grass on defendant's land in some places,

and a great deal of brush up in the woods, chiefly hemlock and pine. The timber had been taken away a year ago last winter and the brush left. This evidence respecting the condition of the premises was objected to by the defendant, as not being admissible under the declaration. The court admitted it, and the admission is assigned for error.

It is urged that if there were any special circumstances which would render the setting of the fire negligent, the plaintiff should have set them out in the declaration. We do not think this was essential. It is always necessary that the plaintiff should count on the negligence he relies upon; but when he properly avers the negligence, it is not essential that he should set out the facts which go to establish it. Neither is it usual to do so, nor would it commonly be prudent.

If it was negligent for the defendant to light a fire at the time and in the place alleged, the circumstances which rendered it so were probably numerous. The very dry condition of the earth, the high wind, the long dry grass, the exposed stacks of hay and straw, the dry brush scattered about the fields, the want of accessible water, the absence of plowed fields, etc., that might stay the progress of the conflagration, and many other things which might be apparent to the eye of one on or near the ground, might all tend to render caution peculiarly important. But if it were essential to set these all out in the declaration, the plaintiff would be driven to a recital of all the evidence; and this besides being needlessly burdensome to him could accomplish no good purpose. When the defendant is notified with what negligence he is charged, he is thereby informed that the circumstances which tend to show that he was or was not wanting in due care in that particular will be in issue; and he must be prepared with evidence respecting them.

The case of *Marquette etc., R. R. Co. v. Marcott*, 41 Mich. 433, relied upon by defendant, does not aid him. The plaintiff in that case was permitted to prove the circumstances which tended to establish negligence, under a declaration quite as general as this; but having counted only on the neglect of the railroad company to give the statutory sig-

nals, and the running of its train at a dangerous rate of speed, as the causes of the injury, it was held that he could not change his ground, and recover for some other negligence in respect to which the declaration was silent. Nothing of the sort was attempted here.

One Thompson when on the stand as a witness was asked by defendant's counsel how much less he thought plaintiff's land was worth after the fire than before. The question was objected to, and the court inquired what was its object. Counsel replied: " To test the knowledge of the witness." The court sustained the objection, and this is assigned for error. It is now said the purpose was to show what damages the plaintiff had sustained. Judging from the record we should say this was an after-thought. The plaintiff was not seeking to obtain from Thompson an estimate of his damages, and if defendant proposed to make the witness his own for that purpose, he should have so informed the court. The answer made by counsel to the inquiry put to him was not likely to be understood by the court in the sense we are desired to find in it now.

Complaint is made that the judge instructed the jury that, if they returned a verdict for the plaintiff, they might allow him interest on the value of the property destroyed from the time of the commencement of suit. But as the charge restricted the recovery to the actual value of the property destroyed and interest, defendant should not complain of it. Interest was certainly not demandable of right, but it was admissible and just to give it. *Beals v. Guernsey* 8 Johns. 446; *Derby v. Gallup* 5 Minn. 119; *Rhemke v. Clinton* 2 Utah 230.

It was earnestly contended on the argument that there was no case to go to the jury, especially on the counts which charged the defendant with negligently suffering the fire to escape from his premises to the premises of the plaintiff. We do not think, however, that there was an entire absence of evidence to support either branch of the plaintiff's case; and as we find no error in the rulings of the judge, the judgment must stand affirmed.

The other Justices concurred.