## Orson S. Kendrick v. James Towle.

*Negligence—In operating a private logging railroad—Liability of operator defined—Contributory negligence—Not chargeable to owner of adjoining mill in allowing refuse matter to accumulate as he was accustomed to do before the railroad was built—Damages—Measure of—When interest may be added to value of property destroyed—Charge to the jury.*

1. Defendant constructed a private logging railroad running within thirty or forty feet of a saw and shingle mill owned by the plaintiff, and built several years before the railroad was constructed. The mill was destroyed by fire, originating from sparks thrown from the defendant's engine in use on said railroad, and lodging in the sawdust and other refuse matter which had accumulated around the mill, extending nearly to defendant's railroad track.

   *Held*, in a suit brought by plaintiff to recover the value of said mill property, that, while defendant had the *right* to build and operate his railroad, it was a hazardous business; that he took upon himself large responsibilities, and was required to take special precaution against injury to the property of others endangered thereby, which care and precaution must be commensurate with, and in proportion to, the risks assumed.

*Held*, further, that the fact that plaintiff allowed combustible material to accumulate around his mill, in near proximity to defendant's railroad track,, could not be urged as contributory negligence on his part; that he had a right to use such material to fill up the waste and low places about the mill, just as he was accustomed to do before the railroad was built, and was not obliged to guard his premises to relieve the defendant from liability for his negligent acts.

2. Where a request to charge is covered by the general charge, error cannot be assigned on its refusal by the court.

3. Where it does not appear that anything more than actual compensation for the property destroyed by the negligence of the defendant was awarded by the jury, unless the addition of interest would increase the damages to so great an extent as to be clearly unjust in view of the value of the property, such addition is not ground for error.

Error to Ionia. (Smith, J.) Argued February 12–16, 1886. Decided April 8, 1886.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Mitchel & McGarry*, for appellant:

A declaration for negligent injury must aver the *fact* and *manner* of negligence, and plaintiff should be confined to what is set forth in his declaration. Reason and good sense, as well as law, compel the plaintiff by his declaration in these cases to inform the defendant and court *what* the complaint is; and he must not only show that the defendant has been negligent, but in what respect. The matter of negligence to which the injurious consequences are referred must be properly averred: *Marq., H. & Ont. R. R. Co. v. Marcott,* 41 Mich. 433 ; 1 Chitty Pl. 291, 376, 384; *O. & M. R. R. Co. v. Shanefelt,* 47 Ill. 498; *Lund v. Tyngsbro,* 11 Cush. 563; *Shaw v. B. & W. R. R. Corpn.,* 8 Gray, 45 ; *Parker v. Rensselaer R. R. Co.,* 16 Barb. 315 ; *Max v. Roberts,* 12 East. T. R. 89 ; *King v. Everett,* 8 B. & C. 114; *F. & P. M. R. R. Co. v. Stark,* 38 Mich. 714.

The addition of interest was erroneous ; and in any event it could not date prior to the commencement of this suit : *Marshall v. Schricker,* 63 Mo. 308 ; *Myer v. A. & P. R. R. Co.,* 64 Mo. 543 ; *De Steiger v. H. & St. J. R. R.,* 73 Mo. 33.

*Wilson & Trowbridge,* for plaintiff:

It was competent to show that defendant had been notified of the danger to plaintiff's mill from the engine; and under such notice he may be held to a stricter measure of diligence than in its absence: *Hoyt v. Jeffers,* 30 Mich. 190. Such testimony was also admissible as bearing on the question of the proper construction and management of the engine: *St. J. & D. C. R. R. Co. v. Chase,* 11 Kas. 47.

Negligence is not always required to be *positively* proven, but may be inferred from all the surrounding circumstances; in the case at bar both kinds of evidence were introduced to show defendant's negligence, and it was averred with sufficient particularity in the declaration: *Gagg et al. v. Vetter,* 41 Ind. 255; *Field v. N. Y. Central R. R. Co.,* 32 N. Y. 339; *A. T. & S. F. R. R. Co. v. Bales,* 16 Kas. 252.

An unchartered company is liable for damage done by fire escaping from its locomotive, even in the absence of affirmative proof of negligence: *Jones v. Festiniog R. W. Co.,* 3 L. R. Q. B. 733; Wharton on Neg. §§ 867, 868, 869; Shearman & Redfield on Neg. § 332, note; Cooley on Torts, p. 591, note; Rorer on Railroads, vol. 1, p. 80, and vol. 2, p. 789; *Salmon v. Del., Lackawana & Western R. R. Co.,* 38 N. J. L. 5.

On the question whether the presence of combustible material on plaintiff's premises is a bar to recovery, see *Alpern v. Churchill,* 53 Mich. 607.

The plaintiff, being limited to the actual value of the property at the time of its destruction, was entitled to interest: *Hoyt v. Jeffers,* 30 Mich. 192; *Winchester v. Craig,* 33 Mich. 205; *Lucas v. Wattles,* 49 Mich. 383; *Beals v. Guernsey,* 8 Johns. 446; *Johnson v. Sumner,* 1 Metc. 172; *Shepard v. Pratt,* 16 Kas. 209; Sedgwick on Dam. vol. 2 (6th ed.) p. 189, note.

SHERWOOD, J.   The defendant was the owner and operator of a logging railroad, which extended from Wager's mill, a point on the Detroit, Lansing & Northern Railroad, in the county of Montcalm, some six miles back in the county, to a tract of pine timber.  The road was the private property of the defendant, built under no charter from the State, and was run and operated as a private enterprise, and used principally for hauling logs.   The cars were propelled by a locomotive engine, formerly used on the Wabash Railroad.   It was a Mason standard gauge, and a wood-burner.

The engine, in passing over the defendant's road, passed within thirty or forty feet of a saw and shingle mill of the plaintiff. The mill had been built several years before the railroad was constructed, and had not been running for three or four months previous to the fifteenth day of September, 1883; but, before the mill was shut down, some considerable quantities of sawdust, cull shingle, spalts, and saps, such as usually accumulate about such a mill, had not been removed, but laid about the mill, and extended nearly to the defendant's railroad track. On that day the sparks from the defendant's engine lodged in this combustible matter, not many feet from the mill, and set it on fire, from which the mill and machinery to the value of between two and three thousand dollars was completely destroyed.

The plaintiff brings this suit for his damages thus sustained, basing it upon the negligence of the defendant in allowing the fire to escape from the engine in such manner as to set the plaintiff's property on fire, and destroy his buildings and machinery.

The plea was the general issue. The cause was tried at the Ionia circuit, before Judge Smith, with a jury, and the plaintiff recovered a judgment for the sum of $2,115.

The defendant brings error. The record contains the substance of all the testimony and proceedings had in the case.

Nine of the twenty-three assignments of error raise the question as to whether there was a prima facie case of negligence alleged and proved against the defendant.

We think the declaration sufficiently states the plaintiff's case, and that the evidence of plaintiff made out a prima facie cause against the defendant, and do not deem it necessary to go into a detail of the testimony in considering the question upon this point, but proceed to consider the other questions raised.

The second ground of error urged by defendant's counsel is that the court refused to strike out the evidence of plaintiff wherein he stated he did not consent to the defendant building his logging road.

We do not think either party was prejudiced by the rul-

ings of the court upon this subject, or by the testimony, or by the rejection of that offered. It is not entirely clear that the testimony had any bearing in the case either way. In any event, it was so slight as to have done no harm. In so far as it was received, we are not prepared to say it was objectionable for the purpose offered: *Marquette, H. & O. R. R. Co. v. Spear*, 44 Mich. 172. The ruling by the court refusing to allow defendant to show plaintiff did not object to the building of the road was entirely obviated, if erroneous, by subsequently allowing the defendant to make the proof he desired.

The defendant claims as his third ground of error that the court refused to give his sixth request to charge, by stating to the jury that "negligence consists in the failure to observe that degree of care which the law requires for the protection of the interests likely to be injuriously affected by the want of it."

This definition was given by one of the ablest elementary law writers of modern times, and has received the approval of this Court (*Flint & P. M. Ry. Co. v. Stark*, 38 Mich. 717; *Brown v. Congress & B. St. Ry. Co.*, 49 Mich. 153); and we see no good reason for withdrawing that approval.

The request of the defendant's counsel which the court omitted to give in the language requested was as follows:

"'Negligence' is defined to be the omission to do something which a reasonable man, guided upon those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do."

While this request was not given in the language used, it was given in substance by the judge in the following paragraph, viz.:

"In answering the question as to the plaintiff's negligence, the same as in answering the question of the defendant's negligence, involves an answer to the inquiry,—what degree of care was required of him? He would be required to exercise reasonable care,—such care as a reasonable and prudent man would exercise under like circumstances; and that

would be greater care with the road there than without it. The degree of care required of him is to be measured by the surrounding circumstances, and the interests likely to be injuriously affected by the want of care are to be considered in determining the degree of care he should exercise. He should act as a reasonable, prudent, and careful man, in view of the surroundings; and, in this connection, you must consider what was done and what was left undone."

We think the degree of care which the defendant was required to exercise is very well stated in the above charge of the learned circuit judge, and no error can be maintained under the defendant's third ground.

The defendant insists, as his fourth reason for reversal, that the jury allowed interest to be recovered on the amount awarded as damages from the time of the fire; and that the charge of the court permitted it. It does not appear that anything more than actual compensation was given by the jury for the property burned; and in such cases, unless the addition of interest would increase the damages to so great an extent as to be clearly unjust when the value of the property is taken into consideration, no reasonable objection can be made to the allowance of interest, and the objection in this case cannot be allowed to prevail: *Lucas v. Wattles,* 49 Mich. 383; *Hoyt v. Jeffers,* 30 Mich. 192; *Winchester v. Craig,* 33 Mich. 205; *Beals v. Guernsey,* 8 Johns. 446; *Johnson v. Sumner,* 1 Metc. 172; *Derby v. Gallup,* 5 Minn. 119; *Rhenke v. Clinton,* 2 Utah, 230; *Shepard v. Pratt,* 16 Kan. 209; Sedg. Dam. (7th Ed.) 189*n*; *The Amalia,* 34 Law J. N. S. 1865, Adm. 21; *Parrott v. Knickerbocker Ice Co.,* 46 N. Y. 361; *Mailler v. Express Propeller Line,* 61 N. Y. 312; *Chapman v. Chicago & N. W. Ry. Co.,* 26 Wis. 295, 304; *Sanborn v. Webster,* 2 Minn. 323; *Railroad Co. v. Cobb,* 35 Ohio St. 94; *City of Chicago v. Allcock,* 86 Ill. 384; *Lincoln v. Claflin,* 7 Wall. 132, 139; *Old Colony R. R. v. Miller,* 125 Mass. 1; *Frazer v. Bigelow Carpet Co.,* 4 N. E. Rep. 620.

The fifth ground of error, and which was much relied upon in the argument of defendant's counsel at the hearing,

was the refusal of the court to instruct the jury as asked in his thirteenth request, which was as follows:

"If the jury find that the plaintiff suffered and permitted spalts, saps, slits, cull shingle, shavings, sawdust, or other highly combustible material, which were made, created, or manufactured by the operation of said mill, during the spring of 1883, to be and remain massed and scattered over the ground next to and adjoining said mill, or adjacent thereto, and to there remain till the time of the accident complained of, without removing the same, or taking any precaution to prevent the igniting of fire therein, and the spreading thereof to said mill; and that if such material had not been allowed to so remain the destruction of said property might not have occurred in the manner complained of,—then I charge you that, as a matter of law, the plaintiff is guilty of contributory negligence, and, regardless of any other facts in this case, the plaintiff cannot recover."

The consideration of this point involves a review of the whole case, and makes necessary some discussion of several matters not hereinbefore referred to.

It must be remembered that at the common law it was said: "If my fire, by misfortune, burns the goods of another man, he shall have his action on the case against me:" Roll. Abr., "Action on the case," B. tit. 5; Lord Duman, in *Filliter v. Phippard* (Eng. Com. Law, 63), 11 Q. B. 347; *Tubervil v. Stamp*, 1 Salk. 13. The rigorous rule of the common law has been somewhat modified by statutes, both in England and this country; and the grounds of liability are now held to be negligent acts of the party to be charged, or those of his servants. The defendant in this case holds no chartered immunity under legislative enactments.[1] He had the right to build his railroad track, and conduct his business thereon by running trains within thirty or forty feet of the plaintiff's mill, propelled by a steam-engine. It was a lawful but hazardous business.

It is a matter of common knowledge that moving machinery propelled by steam is exceedingly dangerous, and liable to cause unintentional fires; and persons owning and operat-

---

[1] See *Jones v. Mich. C. R. R. Co.*, 59 Mich. 437.

ing them take upon themselves large responsibilities, and special precaution against injury to the property of others is required to be observed. The care and caution required of the owner must be commensurate with, and in proportion to, the risks assumed. Anything less than this must be regarded as negligence, and if injury ensue in consequence of such negligence the owner will be liable: Whart. Neg. §§ 867*a*, 868, 869; Shearm. & R. Neg. 332*n*; 2 Rorer R. R. 789; 1 Rorer R. R. 80; Cooley Torts, 591; *Salmon v. Delaware, L. & W. R. R. Co.*, 38 N. J. Law, 5; *Jones v. Festiniog R. W. Co.*, L. R. 3 Q. B. 733.

In this connection it may be observed that the defendant seems to have had full knowledge of the dangerous character of the engine; that it threw sparks badly, and had set several fires along the line of his road, and once to the refuse matter in the mill-yard, before the burning of plaintiff's mill; also that plaintiff had notified the defendant of the special danger at the mill-yard; and that defendant had told him he had a person to look after and protect the mill from taking fire from sparks from defendant's engine. These were all circumstances which imposed upon defendant additional care, and more than ordinary diligence, in guarding against, injury at the mill.

The obligation of care to prevent the fire from the defendant's engine burning the plaintiff's mill rested upon the defendant, and the fact that old, combustible matter accumulated about the mill, and in near proximity to the railroad, cannot be urged as contributory negligence on the part of the plaintiff. He had a right to use the offal of his mill to fill up the waste and low places about it, just as he was accustomed to do before the railroad was built. He was not obliged to guard his premises to relieve the defendant from liability for his negligent acts: *Jones v. Michigan Cent. R. R. Co.*, 59 Mich. 437; *Alpern v. Churchill*, 53 Mich. 607; *Underwood v. Waldron*, 33 Mich. 237; *Grand Rapids & I. R. R. Co. v. Martin*, 41 Mich. 667; *Newson v. New York Cent. R. R. Co.*, 29 N. Y. 390; *Fero v. Buffalo & S. L. R. R. Co.*, 22 N. Y. 209; *Flynn v. San Francisco &*

*S. J. R. R. Co.,* 40 Cal. 14; *Philadelphia & R. R. Co. v. Hendrickson,* 80 Penn. St. 183; *St. Joseph & D. C. R. R. Co. v. Chase,* 11 Kan. 47; *Salmon v. Delaware, L. & W. R. R. Co.,* 38 N. J. Law, 5; *Grand Trunk R. Co. v. Richardson,* 91 U. S. 454; *Marquette, H. & O. R. R. Co. v. Spear,* 44 Mich. 169; Cooley Torts, 592, 593; *Hoyt v. Jeffers,* 30 Mich. 182; 1 Thomp. Neg. 136, 165.

The circuit judge charged in substance that the jury might determine whether or not the plaintiff could allow the sawdust from his mill to lie on his own premises, and, if so, for how long a time before the plaintiff, by his carelessness, could burn up his mill with impunity; that the plaintiff could not be careless with his own property, though upon his own premises and no one was injured thereby, and that the plaintiff could not recover unless, in the management of his own premises, he observed all the care and prudence which reasonably careful and prudent men would under like circumstances; that they must take into consideration this combustible material on the plaintiff's premises—the amount of it, where it was, how it was situated, the length of time it was left there, whether after the road was built it was negligent to allow it to remain there; were told that, " if he suffered and permitted this to a greater extent than a reasonably careful and prudent man would under like circumstances, he could not recover."

This was all erroneous. Whether he was careful and prudent was a matter of his own concern.

The circuit court also instructed the jury that the burden of proof was upon the plaintiff to show the negligence of the defendant, and his own freedom from negligence; and, unless they were satisfied in both of these respects by the preponderance of evidence, their verdict must be for the defendant. There was really, upon the testimony, no question of contributory negligence in the case. If the request we have been considering had been proper, we think the circuit judge substantially gave it, and much more of the same character. We do not think the request should have been given, and much that was said by the court upon the

subject was not warranted by the testimony; but, inasmuch as the verdict was for the plaintiff, and the exceptional clauses were in favor of the defendant, neither side is injured by the charge.

We have been unable to find any error in the case prejudicial to the defendant, and the judgment must be affirmed.

CAMPBELL, C. J. and CHAMPLIN, J. concurred. MORSE, J. did not sit.