## Chicago & Alton Railroad Company v. William H. Davis.

1.  COMMON CARRIERS—*Perishable Goods.*—If a carrier undertakes to carry perishable property in vehicles specially adapted to preserve that kind of property, he becomes responsible for defects in such vehicles, if damage results.

2.  INTEREST—*On Damages for Injuries to Property.*—On assessing damages for injuries to personal property, it is error to allow interest on the amount of damage found.

**Memorandum.**—Action against a common carrier for loss of goods. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1894, and affirmed if the appellee remits, etc., otherwise reversed and remanded. Opinion filed May 28, 1894.

The opinion states the case.

APPELLANT'S BRIEF, LEE & HAY, ATTORNEYS.

Under the proof and facts in the case, the defendant is not liable for any damages arising from the defect in the refrigerator car used in the shipment and transportation of the goods for the damage to which this suit is brought.

Appellant's common law liability as insurer was waived. Field v. C. & R. I. R. R., 71 Ill. 459; Witting v. St. L. & S. F. Ry., 101 Mo. 631.

Where the shipper himself undertakes a part of the duties which would otherwise devolve upon the carrier, or has negligently performed his undertaking with respect to the carriage, and loss results, the blame rests upon the shipper, and not upon the carrier. Lawson, Contracts of Carriers, Sec. 23; Hutchinson on Carriers (Mechem's Ed.), Sec. 216; Baldwin v. London, C. & D. Ry., Law Reports, 9 Q. B. Div. 582; Betts v. Farmers L. Co., 21 Wis. 80; Miltimore v. C. & N. W. R. R., 37 Wis. 190; Ross v. Troy & Boston R. R., 49 Vt. 364; Richardson v. Great North. Ry., Law Repts., 7 C. P., 74; Harris v. North Ind. R. R., 20 N. Y. 232; Lee v. Ralston & Ga. R. R., 72 N. C. 236.

As where, without carrier's knowledge, the owners of a

C. & A. R. R. Co. v. Davis.

horse in loading, left a car-window opened, through which the horse escaped and was killed. Hutchinson v. R. R., 37 Minn. 524.

And where the owner chose to have car door left unfastened, and assuming the responsibility, loss resulted. Roderick v. R. R., 7 W. Va. 54.

And where the car door was left open, and carrier not notified. Newby v. C., R. I. & P. R. R., 19 Mo. App. 391.

It is sufficient to charge the shipper that he himself was negligent. Lawson, Contracts of Carriers, Sec. 3, pp. 5 and 6; White v. Winnisimmet Co., 7 Cush. 155; Baldwin v. London C. & D. R. R., Law Repts. 9 Q. B. Div. 582; E. Tenn. R. R. v. Whittle, 27 Ga. 535; Kimball v. Rutland R. R., 26 Vt. 247; L. B. & W. Ry. v. Murray, 72 Ill. 128.

The rule of law is that a party can not recover if his own negligence was as much the cause of the loss as that of the defendant. C. & N. W. R. R. v. Van Dresar, 22 Wis. 511.

At common law, interest was not allowed in any case; authorized only by statute. Am. & Eng. Ency. of Law, Vol. 11, p. 380; Sammis v. Clark, 13 Ill. 544; Aldrich et al. v. Dunham et al., 16 Ill. 403; I. C. R. R. Co. v. Cobb et al., 72 Ill. 148; City of Chicago v. Allcock, 86 Ill. 384; Hamer et al. v. Kirkwood et al., 25 Miss. 95; Frazer, Excr., v. Boss, 66 Ind. 17; Carruthers, Excr., v. Andrews, 42 Tenn. 381; Close v. Fields, 2 Texas, 232; H. & T. R. R. v. Muldrow, 54 Texas, 233.

Interest on damages for injuries to property not within the statute. I. C. R. R. v. Cobb et al., 72 Ill. 148; T., P. & W. Ry. v. Johnson, 74 Ill. 83; City of Chicago v. Allcock, 86 Ill. 384; D., S. P. & P. R. R. v. Conway, 8 Colo. 1; Kinney v. Han. & St. Jo. R. R., 63 Mo. 98; Kimes v. St. L., I. M. & S. Ry., 85 Mo. 611; Weir v. Allegheny Co., 95 Pa. St. 413.

APPELLEE'S BRIEF, EASTMAN & SCHUMACHER, ATTORNEYS.

The general rule is that the plaintiff makes out a *prima facie* case by showing delivery of goods and loss, and the burden of proof is upon the railroad to show its exemption

from liability. . I. C. R. R. v. Cowles, 32 Ill. 16; C. & R. I. R. R. v. Warren, 16 Ill. 502; Coles v. L. E. & St. L. R. R., 41 Ill. App. 607; Adams Ex. Co. v. Stettauers, 61 Ill. 184; O. & M. R. R. v. Emrich, 24 Ill. App. 245; Western Trans. Co. v. Newhall, 24 Ill. 466; Davis v. W., St. L. & P. R. R., 89 Mo. 340; Shriver v. S. C. & St. P. R. Co., 24 Minn. 506.

Nor is the law as to perishable freight different in regard to the burden of proof; exemptions arising from the vitality of the goods must be shown by the carrier. C., R. I. & P. R. R. v. Harmon, 12 Ill. App. 54; T. W. & W. R. R. v. Hamilton, 76 Ill. 393; Read v. II. L. Kas. C. & N. R. R., 60 Mo. 199; L. & N. R. Co. v. Wynn (Tenn.), 14 S. W. R. 311; Hutchinson on Carriers (Melham Ed.), Sec. 125, 765; 3 Am. and Eng. Enc. of Law, 165.

If appellant's common law liability was waived, yet its liability for damages arising from negligence could not be waived. Ill. C. R. R. v. Joute, 13 Brad. 424; I. C. R. R. v. Morrison, 19 Ill. 136; Oppenheimer v. U. S. Ex. Co., 69 Ill. 62; McFadden v. Mo. Pac. Ry. Co., 92 Mo. 343; 2 Am. & Eng. Enc. of Law, 822; Hutchinson on Carriers (Mechem Ed.), Sec. 290a.

The carrier is bound to furnish safe and suitable vehicles. Am. and Eng. Ency. of Law, Vol. 3, p. 16a; Hutchinson on Carriers (Mechem Ed.), Secs. 292, 293; I. B. & W. Ry. Co. v. Strain, 81 Ill. 504; St. L. & S. E. Ry. v. Dorman, 72 Ill. 504.

Refrigerator cars if the goods are of such a nature as to require it. Beard v. Ill. Cent. R. R., 7 Lawyer's An. R. (Iowa) 280; M. D. & T. Co. v. Cornforth, 3 Col. 280; Hutchinson on Carriers, Sec. 295a, 295b.

He is required to make an examination of his vehicle before commencing the journey to see whether or not it is defective, and if he fails to do this he is negligent. Hutchinson on Carriers, Secs. 531, 532; I. B. & W. R. v. Strain, 81 Ill. 504.

The carrier is liable even though the cars are seen by the shipper and known by him to be defective. Potts v. Ry. Co., 17 Mo. App. 395; Mason v. M. P. Ry. Co., 25 Mo. App. 473; Sloan v. St. L., K. & N., 58 Mo. 220.

Mr. Justice Gary delivered the opinion of the Court.

There is no substantial difference between the parties as to facts or law, but only which part of the law applies to the facts.

The appellee bought, through agents, a carload of green hams from the Armour Packing Company at Kansas City, to be shipped by that company from Kansas City to Cincinnati.

The course of business required the hams to be shipped in a refrigerator car.

The appellant received the hams in a refrigerator car sent by the railroad company to the packing house of the Armour Co. to be loaded. The hams began to spoil on the route, because there was a defect in an inside door of the car —a strip torn off—which permitted outside warm air to go in.

The course of business between the railroad company and the Armour Co., was, that the railroad company inspected the sufficiency of the car as a vehicle to run on the road, and that the Armour Co. inspected the refrigerating features. The defect was not visible from the outside of the car. Had there been no such defect, the hams would not have been injured.

To such facts the general law of the exemption of a carrier from damage caused by inherent tendency of the goods has no application. Either the appellant or the Armour Co. are responsible, and perhaps both are; but if both are responsible, the double responsibility presents no obstacle to an action against either.

The railroad company is clearly responsible to the appellee, unless as between him and the railroad company—not as between the railroad company and the Armour Co. merely —the inspection of the refrigerator features of the car, or the risk of insufficiency of those features, was the duty or risk of the Armour Co. In general, it must be conceded that the shipper or owner of the goods has no concern with the vehicle of the carrier.

If a carrier undertakes to carry perishable property in

vehicles specially adapted to preserve that kind of property, he becomes responsible for defects in such vehicles, if damage results. The authorities go much farther. See cases collected in Beard v. Ill. Cent. R. R., 79 Iowa, 518.

And without evidence there is no presumption that the Armour Co. had any authority to diminish the obligation of the railroad company to the appellee. Merchants Despatch T. Co. v. Joesting, 89 Ill. 152.

In assessing damages some items of expense are allowed which would have been the same if there had been no injury to the hams; and interest on the loss was also allowed. The latter is contrary to the doctrine laid down in Ill. Cent. R. R. Co. v. Cobb, 72 Ill. 148.

These items, with the interest, amount to $272.78, which being deducted from the judgment, leave $778.68 as the amount for which the judgment will be affirmed, if the appellee remits the $272.78. Otherwise the judgment will be reversed and the cause remanded. In either event the costs fall on the appellee. Kan. & Sen. R. R. v. Horan, 30 Ill. App. 552. Remittitur filed. Affirmed May 31, 1894.