ROBBINS B. TAYLOR ET AL. v. THE BAY CITY STREET RAILWAY COMPANY.

[See 80 Mich. 77.]

*Street railways—Action by abutting owners—Res judicata—Damages—Interest—Evidence—Admissions.*

1. Plaintiffs, with other abutting lot-owners, filed a bill to restrain the construction by the defendant of a certain new line of road, upon the ground that it would damage complainants' property, and that no compensation had been paid or offered to complainants, nor any steps taken to condemn a right of way through the street. A preliminary injunction was granted, which was set aside upon the filing of defendant's answer. The case was heard on pleadings and proofs, and the bill was dismissed. On appeal the decree of dismissal was reversed, and a decree entered restraining the defendant from the use of that part of its road complained of until it had complied with the statute requiring condemnation proceedings, but giving a reasonable time in which to institute the same. (See *Taylor v. Railway Co.*, 80 Mich. 77.) The injunction was not enforced, and the defendant continued to use said portion of its road without taking any steps under the statute for the determination of the damages, if any, to the complainants. Thereupon the plaintiffs, who were the owners and occupants

of one of said abutting lots, sued the defendant to recover damages for the construction and use of said road opposite their premises.  And, in reversing a judgment rendered in their favor, it is held:

*a*—That the conditions under which the defendant was authorized to lay its track upon the street in question were settled in the former suit, by which it was established that the ordinance of the common council directing and authorizing the laying of the track, and its use, did not authorize its construction and use before the institution and determination of proceedings to compensate the owners of adjoining property.

*b*—That the injunction not having been enforced, and the defendant having continued to use its track, and having taken no steps for the determination of the consequent damage to adjoining property-owners, plaintiffs are clearly entitled to maintain their suit, in which they can recover the actual damages by them sustained between the time of laying the track and the institution of said suit; citing *Mulholland v. Railroad Co.*, 60 Iowa, 740; *Mollandin v. Railway Co.*, 14 Fed. Rep. 394.

*c*—That it was error for the court to permit evidence on the part of the plaintiffs tending to show that there was no public necessity for the existence of defendant's road upon the street in question, and to refuse to instruct the jury, upon the request of the defendant, that the determination of the mayor and common council that the laying and operation of the line on said street was proper and a public convenience was conclusive on all parties; the testimony being incompetent, and the request correctly embodying the law.

*d*—That it was error to allow plaintiffs to recover, as a part of their damages, costs and attorney's fees and for time spent in and about the chancery suit, as such costs belonged to that proceeding, and whatever of them the law allows should have been, and presumably were, taxed in that suit.

*e*—That it was error for the court to allow plaintiffs to introduce evidence tending to show that drays and teams could not stand at right angles with the sidewalk between it and the defendant's track, and leave room for the cars to pass, and to refuse to instruct the jury, on the request of the defendant, that the plaintiffs were not entitled to damages because of this, and that they did not possess the right to have teams thus stand in front of their premises for the purpose of loading and unloading goods; citing *Hobart v. Railroad Co.*, 27 Wis. 194.

*f*—That it was not error to instruct the jury to add interest

from the date of the commencement of the suit to whatever
damages they should find the plaintiffs had sustained; that the
old rule undoubtedly was that interest could not be allowed
upon unliquidated damages, but that the tendency of the courts
has been to set aside this rule, and adopt the more reasonable
one, in cases of injury to property, that the jury must first
determine the actual damage sustained, and allow interest upon
that sum from its date.[1]

2. The testimony on the part of the plaintiffs tended to show that
the track was raised above the pavement. The defendant offered
to show that the track was laid on the grade established by the
city authorities, but the court rejected the testimony. And it is
held that, while it is true that the establishment of the grade of
the street was wholly within the power of the common coun-
cil, and defendant could not legally lay its track upon any
other grade, still this would not relieve it from liability for
damages if any resulted from such construction of its road-bed.

3. The testimony of a witness for the defendant as to the state-
ment of one of the plaintiffs, made during negotiations for a
settlement, that he would consent to no settlement if the
defendant's tracks were removed from the streets upon which
plaintiff's lot abutted, so as to divert the travel from his prop-
erty, was stricken out by the court, upon the ground that such
statement was a part of such negotiations, and therefore incom-
petent. And it is held that any statement made by any of the
plaintiffs, whether during negotiations for settlement or other-
wise, which tended to show that he considered the railway a
benefit rather than an injury, was clearly competent.

Error to Bay. (Cobb, J.) Argued April 26, 1894. De-
cided June 16, 1894.

Case. Defendant brings error. Reversed. The facts are
stated in the opinion, and in 80 Mich. 77.

*McDonell & Hall,* for appellant.

*T. A. E. & J. C. Weadock,* for plaintiffs.

GRANT, J. 1. The plaintiffs in this case were also some

---

[1] See exhaustive note to *Wilson v. City of Troy,* 18 L. R. A. 449,
for cases bearing on the question of the allowance of interest on
a sum awarded as damages.

of the complainants in *Taylor v. Railway Co.*, 80 Mich. 77. The conditions under which the defendant was authorized to lay its track upon the street in question were there settled. The doctrine there established is *stare decisis,* and cannot be reviewed in this suit. That case was appealed to the Supreme Court of the United States, from which it has been dismissed. Plaintiffs instituted this suit to recover damages for the construction and use of the railway opposite their premises, situated on the corner of Third and Washington streets. By the former suit it was established that the ordinance of the common council directing and authorizing the laying of the track, and its use, did not authorize its construction and use before the institution and determination of proceedings to compensate the owners of adjoining property. The injunction granted in that case was not enforced, but the defendant continued the use of its track. The only remedy open to plaintiffs was to sue for damages during the time in which the injunction was not in force.

2. Inasmuch as the defendant has taken no steps under the statute for the determination of the damages, if any, to the adjoining property, plaintiffs are clearly entitled to maintain this suit, in which they can recover the actual damages sustained between the time of laying the track and the institution of the suit. *Mulholland v. Railroad Co.*, 60 Iowa, 740; *Mollandin v. Railway Co.*, 14 Fed. Rep. 394.

3. Complaint is made that the court permitted evidence on the part of the plaintiffs tending to show that there was no public necessity for the existence of this road upon the street in question, and that the court refused to instruct the jury that the determination of the mayor and council that the laying and operation of the line on this street was proper and a public convenience was conclusive on all parties. The testimony was incompetent, and the

request correctly embodied the law. If this were the only error, it might perhaps be held that it was without prejudice, but, inasmuch as a new trial must be ordered, it is proper to determine the question. Under the charter, the determination of the council is conclusive as to the necessity and public convenience, and the jury, under the proceedings instituted by the defendant, could determine only the question of damages. The court should have instructed the jury that the defendant had acquired the proper authority from the city to the use of this street. The only thing wanting to its right to lay and use its track was either an amicable settlement with the adjoining lot-owners or proceedings to compensate them in damages.

4. Plaintiffs were allowed to recover costs, attorney's fees, and for time spent in and about the chancery suit. This was error. These costs belonged to that proceeding, and whatever of them the law allows should have been, and presumably were, taxed in that suit.

5. The plaintiffs introduced evidence tending to show that drays and teams could not stand at right angles with the sidewalk between it and the railroad track, and leave room for the cars to pass. The court was requested to charge that the plaintiffs were not entitled to damages because of this, and that they did not possess the right to have teams thus stand in front of their premises for the purpose of loading and unloading goods. The testimony was incompetent, and the request should have been given. No objection exists to such use of the street until public convenience is thereby interfered with. But there is no inalienable right to place trucks and drays across the street for the convenience of private parties when public travel is thereby obstructed. *Hobart v. Railroad Co.*, 27 Wis. 194.

6. The testimony on the part of the plaintiffs tended to show that the track was raised above the pavement.

Defendant then offered to show that the track was laid on the grade established by the city authorities, but the court rejected the testimony. While it is true that the establishment of the grade of streets was wholly within the power of the council, and defendant could not legally lay its track upon any other grade, still this would not relieve the defendant from liability for damages if any resulted from such construction of the road-bed. Under the former decision the defendant is liable for all damages which resulted from the construction and use of the railway, notwithstanding that the city authorities had fully complied with the charter provisions in making the order and granting the right.

7. Negotiations were entered into for a settlement. During these a conversation took place between the plaintiff Taylor and one Joseph Turner, who was interested in the railway. He testified as follows: "Mr. Taylor came into my office, and said that he would consent to no settlement if the tracks were removed from Third street and Washington street so as to divert the travel from his property." This testimony was stricken out by the court upon the ground that it was a part of the negotiations for a settlement, and therefore incompetent. Propositions for a compromise are of course inadmissible, but, if a party during such negotiations makes statements not in harmony with his claim for damages, such statements are competent evidence to contradict him when he has testified that he suffered damages. Any statement made by any of the plaintiffs in this case, whether during negotiations for a settlement or otherwise, which tended to show that he considered the railway a benefit rather than an injury, was clearly competent.

8. Complaint is made of the instruction to the jury to add interest from the date of the commencement of suit.

101 MICH.—10.

The authorities are not uniform upon this subject. The old rule undoubtedly was that interest could not be allowed upon unliquidated damages, and, in actions of tort, damages are of course unliquidated. The tendency of courts has been, however, to set this rule aside, and adopt the more reasonable one, in cases of injury to property, that the jury must first determine the actual damage sustained, and allow interest upon that sum from its date. This Court has adopted this rule in the following cases: *Lucas v. Wattles,* 49 Mich. 380; *Kendrick v. Towle,* 60 Id. 368. Some cases hold that it is discretionary with the jury to allow interest on damages in case of trespass to real property. *Railroad Co. v. Cobb,* 35 Ohio St. 94; *Walrath v. Redfield,* 18 N. Y. 457; *Railway Co. v. Swinney,* 97 Ind. 586. The supreme court of Illinois held it error to allow it as a matter of legal right. *City of Chicago v. Allcock,* 86 Ill. 384. For a discussion of the principle and authorities, see Suth. Dam. § 355. We think there was no error in the instruction.

Judgment reversed, and a new trial ordered.

The other Justices concurred.