SINSABAUGH *v.* BROWN.

1. NEGLIGENCE—SUFFICIENCY OF DECLARATION.

A declaration alleging that defendant negligently, wrongfully, and recklessly left his horse on a public street "insecurely fastened," knowing the horse to be of a wild and vicious disposition, sufficiently apprises defendant of the negligence claimed against him.

2. PLEADING—DEMURRER—WAIVER.

Where defendant demurred to a declaration in justice's court, and, the same being overruled, pleaded issuably and went to trial, and then took a general appeal to the circuit court, where he went to trial on the pleadings as they stood in the court below, he cannot object to the introduction of evidence on the ground of the insufficiency of the declaration.

3. NEGLIGENCE—VICIOUS HORSE—QUESTION FOR JURY.
    Defendant tied his horse on a public street with an ordinary strap three-fourths of an inch wide, which was snapped into the ring of the bit. While the horse was so standing, a paper blew under his feet, whereupon he jumped, broke the bit, and ran into plaintiff's buggy, breaking it and injuring plaintiff. The horse had run away on several prior occasions, to defendant's knowledge, once under circumstances almost identical with those of the case in question. *Held,* that the question of defendant's negligence was properly left to the jury.

Error to Berrien; Coolidge, J. Submitted March 5, 1901. Decided May 7, 1901.

Case by Richard C. Sinsabaugh against Hiram M. Brown for damages caused by the running away of defendant's horse. From a judgment for plaintiff, defendant brings error. Affirmed.

*Gore & Harvey,* for appellant.

*Graves & Wilson,* for appellee.

LONG, J. This action was commenced in justice's court to recover damages claimed to have been caused by the negligence of the defendant in leaving his horse insecurely fastened on a public street in the city of Benton Harbor, the defendant well knowing that the horse was wild, vicious, unsafe, and unmanageable, and of dangerous disposition. On the trial in justice's court plaintiff had judgment. Defendant appealed to the circuit court, where plaintiff again had judgment. Defendant brings error.

At the commencement of the trial, defendant's counsel objected to the introduction of any evidence on the ground that the declaration did not state a cause of action. This was overruled. Defendant assigns error on this ruling. We think the court properly overruled the objection. The allegation in the declaration that the defendant negligently, wrongfully, and recklessly left his horse on a public street insecurely fastened, knowing that the horse

was of wild and vicious disposition, is a sufficient statement to apprise the defendant of the claimed negligence. As was said in *Lucas* v. *Wattles*, 49 Mich. 380 (13 N. W. 782):

" It is always necessary that the plaintiff should count on the negligence he relies upon; but, when he properly avers the negligence, it is not essential that he should set out the facts which go to establish it. Neither is it usual to do so, nor would it commonly be prudent."

But it may be added that the defendant demurred to the declaration in justice's court. That demurrer was overruled. Defendant then pleaded issuably, and went to trial. He took a general appeal to the circuit court, and went to trial on the pleadings as they stood in justice's court. Having done this, we think he cannot be permitted to again raise the question of the sufficiency of the declaration. *Ashton* v. *Railway Co.*, 78 Mich. 587 (44 N. W. 141); *Kraatz* v. *Electric Light Co.*, 82 Mich. 457 (46 N. W. 787).

At the close of the testimony the defendant asked the court to direct the verdict in his favor on the ground that plaintiff had failed to establish his case. This was denied, and error is assigned thereon. · The testimony tended to show that the defendant drove his horse, which was attached to a buggy, into Benton Harbor, and hitched him with an ordinary strap, three-quarters to an inch wide; that this strap was fastened into the ring in the bit of the bridle, and tied to a hitching post; that, while the horse was standing there with his head down, a paper whirled by the wind blew under his forward feet; that he gave a jump, broke the bit, and ran with great speed down the street, and jumped onto the plaintiff's buggy, in which he was riding, breaking it, and injuring the plaintiff. The testimony also tended to show that, some time before this accident, the horse was hitched in front of a church in the city; that a paper was there blown towards him, and that at that time he broke away, with the buggy to which he was attached; and that after this

the defendant on several occasions unhitched him from the buggy during service. There was also some testimony given tending to show that the bit had been broken before the accident to plaintiff; that is, that it had an old break in it about two-thirds through, and that on the occurrence of the injury it had broken off there, letting the bridle slip from the horse's head.

The defendant testified that he knew of one occasion when the horse was frightened and ran away with a carriage, but claimed that on that occasion he was not hitched; that he had heard that the horse ran away with some parties stopping at his house, and that he knew of the breaking away at the church; and that, since the injury to the plaintiff, he had fastened the horse by a strap going around his neck, but that before that time he had not done so. The defendant also gave testimony tending to show that the horse was gentle; that he had many times hitched him on the street with the kind of strap with which he was tied on the day of. the accident; that the bit was almost new, and he had never noticed any imperfection in it; that he had had no trouble with the horse except when he ran away at the church and at the time of this accident.

The charge of the court is not set out in the record, and presumably the whole question was left for the determination of the jury, who returned a verdict in favor of the plaintiff for $35.

We think it cannot be said that there was no testimony in the case tending to show negligence on the part of the defendant. The horse was large and powerful. On two or three other occasions he had run away. He had broken a strap of like character once before, and dashed down the street, tearing the buggy in pieces. The defendant knew of this, and took the precaution afterwards to unhitch him from the buggy during church services. We are unable to say as a matter of law that under such circumstances the defendant would be justified in hitching him with that kind of strap on a public street, among

other teams, where papers were liable to be blown about at any time. That was a question properly left to the determination of the jury.

The judgment must be affirmed.

The other Justices concurred.