### Patton Paint Company, Appellee, v. Erie Railroad Company, Appellant.

### Gen. No. 14,466.

COMMON CARRIERS—*when interest not chargeable against.* Upon the entry of a finding for the value of property destroyed by fire while in the possession of a carrier, interest from the time of such destruction to the time of the entry of the finding should not be included.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in this court at the March term, 1908. Reversed and judgment here. Opinion filed May 20, 1909.

W. O. JOHNSON, THOS. BATES, SEYMOUR EDGERTON and GALE & JOHNSON, for appellant.

WHEELER, SILBER & ISAACS, for appellee; FREDERICK D. SILBER, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The appellee sued appellant in *assumpsit*. The declaration contains four counts. The defendant pleaded the general issue. No question is raised as to the sufficiency of the declaration, or as to variance. The cause was tried by the court, without a jury, and the court found for the plaintiff and assessed its damages at the sum of $1,357.90, denied motions of defendant for a new trial and in arrest of judgment, and rendered judgment on the finding.

The court, in assessing damages, allowed interest on the value of the property from December 8, 1905, till the date of the finding, the amount of interest so allowed being $128.10. The only controversy between the parties here is whether interest should have been allowed, the defendant contending that it should not, and the plaintiff the contrary. The facts are substantially as follows:

November 5, 1905, the Union Steamboat line, which is the Lake line of the Erie Railroad Co., received from Euston & Co., at Chicago, 60 barrels of linseed oil, for transportation by lake and rail from Chicago, Illinois, to the Patton Paint Co., consignees at Newark, New Jersey. A bill of lading was issued for the oil by the Erie Railroad Co. That company received the oil at Chicago, November 6, 1905, and loaded it onto the steamer Rochester. The steamer arrived at Buffalo, New York, November 28, 1905, and that day and the next the oil was unloaded and placed in the railroad company's warehouse, in the usual course of transfer to the railroad cars. The evidence is that there was a shortage of cars from September, 1905, till December 8, 1905. December 8, 1905, a fire occurred in the warehouse and the oil was consumed. The plaintiff recovered, as damages, the value of the oil, but the court allowed, in addition thereto, interest from December 8, 1905. The plaintiff proved no special loss in excess of the value of the oil. Interest is the creature of the

statute and can only be allowed when authorized by the statute. This rule has frequently been announced and is beyond question the logical rule, as at common law interest is not allowable.

Counsel for defendant rely on Ill. Cen. R. R. Co. v. Cobb et al., 72 Ill. 148. The suit in that case was for damages for unreasonable delay in the transportation of grain. The trial court gave this instruction:

"The court instructs the jury that, in this case, they may allow interest, if they believe, from the evidence, that the circumstances of the case are such as amount to a conversion of the property by the defendant, or that there was a fraud on the part of the defendant or its agents, or that there was a gross neglect of duty by the defendant. As to whether interest should be allowed or not, you are to be governed by all the facts and circumstances in evidence before you, touching the character, degree and extent of the defendant's neglect or breach of contract or duty."

The court, on appeal, held the instruction erroneous, saying: "While our statute has received a liberal construction, yet we are aware of no case similar to the one under consideration, in which interest has been allowed." The court, after referring to cases in which interest had been allowed, in some of which there had been a wrongful taking, in respect to which trespass was maintainable, and in some of which there was a conversion, in respect to which trover was maintainable, say:

"The doctrine established by these authorities is, where property has been wrongfully taken, or converted into money, and an action of trespass or trover may be maintained, interest may properly be recovered. And this is based upon the statute, which authorizes interest when there has been an unreasonable and vexatious delay of payment.

"There can be no difference between the delay of payment of a moneyed demand and one where property has been wrongfully taken, or taken and converted

into money, or its equivalent—the two rest upon the same principle.

"But in this case there is no pretense of a trespass or conversion of property, or of any fraud practiced. The action is based solely on the alleged fact that appellant failed to ship and deliver grain within a reasonable time, and that the grain was damaged *in transitu.*

"If interest could be recovered upon the facts disclosed by this record, we can scarcely conceive of any action brought to recover damages in which it might not be allowed."

The case has been referred to with approval in City of Chicago v. Allcock, 86 Ill. 384, 385, Munger v. Jacobson, 99 *ib.* 349, 354, and Fowler v. Harts, 149 *ib.* 592, 597, and was followed by this court in C. & A. R. R. Co. v. Davis, 54 Ill. App. 130.

In the present case, as in the Cobb case, *supra,* there is no pretense of a trespass or conversion of property. In the first count of the declaration it is averred that the defendant negligently allowed the oil to remain in the warehouse an unreasonable length of time. The second count is for negligence in not safely carrying and delivering. The third is substantially the same as the second, and the fourth is for not carrying and delivering within a reasonable time.

We think the decision in Ill. Cen. R. R. Co. v. Cobb controlling in this court.

The judgment will be reversed and judgment will be entered here for $1,229.80.

*Reversed and judgment here.*