## GRAND TRUNK WESTERN R. CO. v. H. W. NELSON CO., Inc.

### No. 8552.

Circuit Court of Appeals, Sixth Circuit.
March 13, 1941.

For original opinion, see 116 F.2d 823.

Victor Spike, John J. Gafill, Frederick V. Slocum, all of Detroit, Mich., and Cornelius W. Wickersham, of New York City, for appellant.

Clark, Klein, Brucker & Waples, of Detroit, Mich., and Raymond T. Jackson, Howard F. Burns, Baker, Hostetler & Patterson, all of Cleveland, Ohio, for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

Appellee has petitioned for rehearing and earnestly insists that we committed error in our original opinion in denying it interest as a matter of right as a part of its damages and insists that the cases of Lucas v. Wattles, 49 Mich. 380, 13 N.W. 782, and Coburn v. Muskegon Booming Company, 72 Mich. 134, 40 N.W. 198, relied on in the opinion, were overruled by the Supreme Court of Michigan in the case of Sayre v. Detroit, etc., Railroad Company, 205 Mich. 294, 171 N.W. 502, 510. The Sayre case was an action against the railroad company for a property fire loss due to the escape of sparks from one of its locomotives. The liability of the railroad company for damages, if it caused the fire, was statutory. The only reference to interest in the court's opinion is as follows: "Lastly, it is claimed that interest was improperly allowed. We cite the following cases in support of the charge upon this subject: Kendrick v. Towle, 60 Mich. 363, 368, 27 N.W. 567, 1 Am.St.Rep. 526; Taylor v. [Bay City St.] Railway Co., 101 Mich. 140, 146, 59 N.W. 447; Larsen v. Home Telephone Co., 164 Mich. 295, 324, 328, 129 N.W. 894."

In the case of Lucas v. Wattles, supra, the appellee was alleged to have lighted a fire on his own land which he negligently permitted to spread to his neighbor's property, destroying it. In that case the court instructed the jury that it might, in its discretion, allow the appellee interest on the value of the property destroyed from the commencement of the suit. The court, speaking through Judge Cooley, said [49 Mich. 380, 13 N.W. 784]: "Interest was certainly not demandable of right, but it was admissible and just to give it."

The case of Coburn v. Muskegon Booming Company, supra, appellee charged appellant with placing and maintaining a boom across the river and causing a jam, thereby preventing appellee from putting into the river logs which it had contracted to deliver afloat therein, by reason of which negligence appellee had lost the profit of its business. The lower court peremptorily instructed the jury that if it found for appellee, it would award it interest from the time its last expense was incurred. In reversing, the court said [72 Mich. 134, 40 N. W. 204]: "The damages were not unliquidated, but the existence of any such claim could not be determined prior to the rendition of the verdict."

In the case of Larsen v. Home Telephone Company, 164 Mich. 295, 129 N.W. 894, 905, which is cited in the Sayre case, supra, an action was instituted against appellee under the Death Statute of Michigan. The court stated in the opinion that the beneficiaries of the decedent were entitled to the present value of his life in money at the date of his death and further stated that where the present value was fixed as of that date, it saw no reason for omitting interest to the date of judgment. The court cited in the opinion with approval the case of Lucas v. Wattles, supra, and at the conclusion of the discussion as to interest, the court said: "We have endeavored to deal with such questions as may arise again, and have thought it unnecessary to discuss others."

In the case of Nelson et al. v. Stewart, 174 Mich. 127, 140 N.W. 544, 548, attorneys were sued by their client, whom the client charged had taken undue advantage of him and by reason thereof had procured an unconscionable agreement as to fees and had collected them. The court, in denying recovery of interest, said: "We think the defendants should not be compelled to pay interest on any sums in their possession previous to the agreement made on or about the time this payment of $2,000 was made; and

that it was improper for the judge to include it in the amount he found to be due."

 None of the Michigan cases on the subject of interest have been expressly overruled, but all are extant. The rule prevails that where a question has been decided expressly in an earlier case which has not been modified, the fact that in later cases involving similar, but different, questions, the reasoning seems to indicate a changed view is not justification for a departure from the rule earlier laid down.

None of the cases cited by appellee makes qualifying references to the Coburn, Nelson or Lucas cases. The decisions in those cases were concerned with questions closely analogous to the one here raised and as none of them has been overruled, we may not disregard them upon the theory that they are inconsistent with adjudications of questions in later cases somewhat similar. The decisions cited in the original opinion have not been overruled and afford authoritative precedents and are sufficient for the determination of this case.

Appellee urges on us that, excluding the question of interest, all other matters in dispute were settled in its favor by our original opinion and it now offers to remit such portion of the judgment in its favor as is represented by interest. In writing the original opinion we seriously considered whether the error as to interest although prejudicial, might be cured by permitting appellee to remit a portion of the damages and thereupon affirm the judgment. We recognize the desirability of bringing litigation to an end and the lessening of expenses of retrial, which a remittitur may accomplish, but before such desirable procedure may be resorted to there must be a mathematical basis in the record by which the reduction may be computed or at least closely approximated, otherwise it would be no more than a guess. New York, C. & St. L. R. R. Company v. Niebel, 6 Cir., 214 F. 952. There is no such basis in this record and therefore appellee's offer must be denied.

The court, in its charge to the jury on recoverable interest, instructed it to "add five percent on every element of loss from the time it was incurred, and the schedule will give you the time it was incurred, one shovel in 1928 and one in 1929, but the schedule will give it; whatever is recovered they are entitled to five percent on that recovery." The charge of the court being peremptory, it is presumed the jury fully complied with it.

Excluding interest, appellee claimed five separate items of damage aggregating $1,294,307.79. The jury awarded it $871,000. In its schedule, to which the court referred in its charge, it claimed interest at five percent on some of these items from June 24, 1929, to May 24, 1939, a period of nine years and eleven months, or 49 11/12%. On one item it claimed interest at the rate of 5% from May 24, 1930, to May 24, 1939, a period of 8½ years or 42½%. If the longest period is applied, the judgment is made up of $431,870.83 interest, and $439,129.17 other damages. However, the court in its charge seemingly instructed the jury to calculate interest on some of the items from 1928. It will thus be seen that it is impossible for the court to even approximately determine what part of the verdict is composed of interest. Petition for rehearing is denied.