*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHYSIATRY AND REHAB ASSOCIATES,

Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTO INSURANCE
COMPANY,

Defendant-Appellee.

UNPUBLISHED
April 1, 2021

No. 350826
Oakland Circuit Court
LC No. 2019-171087-NF

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(7) (release or prior judgment) and MCR 2.116(C)(10) (no genuine issue of material fact). On appeal, plaintiff argues that the trial court erred when it determined that plaintiff's suit was barred by defendant's insured's release and res judicata. We affirm.

## I. BACKGROUND

Plaintiff, a healthcare provider, treated Lina Kasha after her November 18, 2016 automobile accident. Defendant insured Kasha at the time of the accident. On November 17, 2017, Kasha filed a complaint in Wayne County Circuit Court against defendant and others for alleged injuries sustained in the accident. Kasha asked the trial court to adjudicate all no-fault claims and award her all unpaid benefits.

After Kasha filed her lawsuit, she began treatment with plaintiff. Kasha executed an assignment on November 5, 2018, assigning to plaintiff "all of [Kasha]'s rights to recover payment for all past and present [s]ervices" that it provided to her.

On January 14, 2019, plaintiff filed its own lawsuit against defendant in Oakland County Circuit Court, acknowledging the prior action between Kasha and defendant in Wayne County. Plaintiff alleged defendant was liable under the no-fault act, MCL 500.3101 *et seq.*, and the insurance policy to pay for Kasha's medical expenses as a result of the automobile accident, but refused to pay. Plaintiff attached the November 2018 assignment and an itemized bill for

-1-

$29,532.82, detailing services provided from March 26 through October 5, 2018, to its complaint. Plaintiff served defendant's registered agent on February 25, 2019.

Two days later, on February 27, 2019, Kasha and defendant appeared for a settlement conference and reached an agreement to settle her claims for $20,000. On April 16, 2019, Kasha executed a release that was effective March 5, 2019. Kasha's release "cover[ed] all claims for PIP benefits by or for Ms. Kasha, whether now known or unknown, arising out of the accident or applicable policy coverage, which accrued only through March 1, 2019." Kasha also represented that she had

> not assigned or transferred or purported to assign or transfer to any person or entity any claim or cause of action arising out of or related to the matters released herein. Ms. Kasha agrees to indemnify, defend, and hold State Farm harmless from and against any and all claims based on or arising out of any such assignment or transfer or purported assignment or transfer.

Kasha and defendant also signed a stipulation and agreement of dismissal as to defendant on April 16 and 17, 2019. On April 22, 2019, an order of dismissal was entered in Wayne County Circuit Court.

Defendant thereafter moved for summary disposition of plaintiff's suit under MCR 2.116(C)(7) and MCR 2.116(C)(10). Defendant argued that plaintiff was barred by Kasha's release, collateral estoppel, and res judicata. Defendant also asserted that plaintiff's claim was barred by its good-faith settlement and payment with Kasha under MCL 500.3112, which provides that "[p]ayment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to benefits, discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person."[1] Defendant asserted that it "did not have any notice, written or otherwise, that any

---

[1] The Supreme Court assumed, but did not decide whether a healthcare provider qualified as "some other person" under MCL 500.3112. *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 210; 895 NW2d 490 (2017). In the underlying case, this Court held:

> MCL 500.3112 provides that if the insurer does not have notice in writing of any other claims to payment for a particular covered service, then a good-faith payment to its insured is a discharge of its liability for that service. However, the plain text of the statute provides that if the insurer has notice in writing of a third party's claim, then the insurer cannot discharge its liability to the third party simply by settling with its insured. Such a payment is not in good faith because the insurer is aware of a third party's right and seeks to extinguish it without providing notice to the affected third party. Instead, the statute requires that the insurer apply to the circuit court for an appropriate order directing how the no-fault benefits should be allocated. That was not done in this case. Accordingly, under the plain language of the statute, because [the insurer] had notice in writing of [the plaintiff's] claim, [the insurer's] payment to [the injured party] did not discharge its liability to [the

-2-

outstanding claims on [Kasha's] behalf . . . remained."[2]  Hence, defendant made a good faith settlement and payment to Kasha.

Plaintiff responded that its bills were never included in Kasha's lawsuit.  And, in light of Kasha's assignment, it, not Kasha, had the legal right to pursue them.  Moreover, under MCL 500.3112, defendant had not acted in good faith because it was served with plaintiff's complaint on February 25—two days before defendant's verbal settlement with Kasha.

The trial court ruled that the plain language of the settlement agreement encompassed all claims held by Kasha and res judicata applied.  Thus, the trial court granted summary disposition to defendant.  Later, the trial court denied plaintiff's motion for reconsideration.

This appeal followed.

## II.  STANDARD OF REVIEW

"Appellate review of the grant or denial of a summary-disposition motion is de novo . . . ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).  We "review a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).  "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West*, 469 Mich at 183.

We  also "review de novo a trial court's decision to grant or deny a motion for summary disposition under MCR 2.116(C)(7)." *Galea v FCA US LLC*, 323 Mich App 360, 368; 917 NW2d 694 (2018).  "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Id*. (quotation marks and citation omitted).  "However, a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material.  The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Id*. (quotation marks and citation omitted).

"[T]he application of legal doctrines, such as res judicata and collateral estoppel" are questions of law that that we also review de novo. *Estes v Titus*, 481 Mich 573, 579; 751 NW2d 493 (2008).

---

plaintiff]. [*Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 313 Mich App 50, 53; 880 NW2d 294 (2015), rev'd on other grounds, 500 Mich 191 (2017).]

[2] Over three months earlier, defendant objected to plaintiff's first request for admissions and admitted that it had formally denied plaintiff's claims for no-fault benefits on behalf of Kasha because "they failed to meet the compensability requirements of the Michigan No-Fault Act."  It is unclear on this record whether plaintiff provided its assignment when it presented its payment requests to defendant.

## III. DISCUSSION

On appeal, plaintiff argues the trial court erred when it granted summary disposition in defendant's favor because Kasha could not release a claim once she assigned it to plaintiff. Plaintiff also argues the trial court erred when it concluded res judicata applied because plaintiff's claims did not arise from the same transaction or occurrence as Kasha's claims and were not ripe when the Kasha litigation was settled. We address each claim in turn and disagree.

Plaintiff contends Kasha could not have settled the claims related to its treatment because she had already assigned those claims to plaintiff. But our Supreme Court has long held that when an assignment of claims occurs after a lawsuit is filed—the subject of which concerns those assigned claims—the assignor may settle or release those claims, precluding any further recovery by the assignee. *Peters v Gallagher*, 37 Mich 407, 411-412 (1877) ("[S]o long as the assignee acquiesces in the proceedings, and permits the suit to go on in the name of the assignor, the [assignee] cannot complain, as they are in no way injuriously affected thereby. Any judgment that may be recovered in such action will protect them and be a bar to any future proceedings which the assignee might undertake to commence for the same cause of action."); *Sayre v Detroit, G H & M R Co*, 205 Mich 294, 315; 171 NW 502 (1919) ("Conceding that this assignment covered this cause of action, the suit would not abate by reason of the assignment, and the case should have proceeded in the same manner as though no assignment had been made.").

Plaintiff, aware of Kasha's Wayne County lawsuit, had the right to intervene in that litigation as a result of the assignment. See MCR 2.209(A)(3) (stating that a party may intervene "when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties"). In choosing not to do so, it acquiesced for Kasha, the assignor, to proceed on its claims. See *Peters*, 37 Mich at 411-412; *Sayre*, 205 Mich at 315. Indeed, the record demonstrates that plaintiff's decision not to intervene was a strategic decision. Therefore, plaintiff was bound under the terms of the settlement Kasha agreed to, which explicitly covered all other claims for PIP benefits.

Plaintiff also argues res judicata does not apply to its claims because its claims were not ripe and did not arise from the same transaction or occurrence as Kasha's claims. We disagree.

"The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Garrett v Washington*, 314 Mich App 436, 441; 886 NW2d 762 (2016) (quotation marks and citations omitted). "For res judicata to preclude a claim, three elements must be satisfied: (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. (quotation marks and citations omitted). "This Court has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). Plaintiff only challenges the establishment of the third element.

Kasha brought a lawsuit to adjudicate all of her existing rights under the no-fault act. At the time plaintiff decided to bring its own action against defendant, it was aware that Kasha intended to adjudicate all no-fault claims arising out of the November 18, 2016 automobile accident, but plaintiff did not attempt to intervene in Kasha's litigation. While plaintiff's claims may not have been ripe at the time Kasha filed her complaint because plaintiff's services had not yet been rendered, its claims were ripe at the time plaintiff filed its own lawsuit. See *Oakland v Michigan*, 325 Mich App 247, 265 n 2; 926 NW2d 11 (2018) (quotation marks and citation omitted) ("The doctrine of ripeness is designed to prevent the adjudication of hypothetical or contingent claims before an actual injury has been sustained. A claim is not ripe if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."). There was nothing preventing plaintiff from bringing its claims at the time Kasha's lawsuit was pending.

Plaintiff's argument that its claims arose out of a different transaction or occurrence than Kasha's claims is also meritless. Kasha sought payment of no-fault benefits from defendant as a result of her November 18, 2016 automobile accident. Plaintiff, through its lawsuit, also sought payment of no-fault benefits arising from the same accident. Plaintiff, as an assignee, "stands in the position of [Kasha], possessing the same rights and being subject to the same defenses." See *Burkhardt v Bailey*, 260 Mich App 636, 653; 680 NW2d 453 (2004). Thus, for plaintiff, as an assignee, to exercise any rights under the assignment, those rights must have arisen from the same transaction or occurrence under which the assignor obtained those rights. Accordingly, the trial court did not err when it granted summary disposition.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica